# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MIRANDA FAYE REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | |
| ) | |
| ) | |
| HYDRA SERVICE, INC., a ) | |
| corporation or similar business entity, ) | PLAINTIFF DEMANDS |
| ) | A TRIAL BY STRUCK |
| Defendant. ) | JURY |

## COMPLAINT

COMES NOW the Plaintiff and hereby brings suit against the Defendant as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the federal Family and Medical Leave Act ("FMLA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391(b) in that the Defendant employed the Plaintiff in Blount County, Alabama.

### PARTIES

4. Plaintiff is an adult resident of Walker County, Alabama.

5. Defendant Hydra Service, Inc. is a corporation formed in the State of Alabama doing business in Blount County, Alabama.

6. Defendant Hydra Service employed 50 or more employees within a 75 mile radius of the location where the Plaintiff performed work for Hydra Service.

7. Defendant Hydra Service employed 50 or more employees for each working day during each of twenty or more calendar workweeks in 2013.

8. Defendant Hydra Service, Inc. ("Hydra") was Plaintiff's employer for purposes of the FMLA.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT

9. Hydra Service initially hired Plaintiff in March 2008 as a receptionist.

10. On February 6, 2012, Plaintiff resigned her employment with Hydra Service.

11. Plaintiff received an unsolicited request to be reinstated with no lapse in tenure and at the same rate of pay. Plaintiff returned to work and Hydra Service re-hired Plaintiff in October 2012 as a receptionist.

12. Plaintiff returned to work at the same rate of pay and with no break in service.

13. Hydra Service paid Plaintiff an hourly wage of $14.00.

14. Plaintiff averaged working 40 hours a week for Hydra Service.

15. On September 19, 2013, Plaintiff fractured her foot. Her doctor placed her foot in a boot. Plaintiff missed several days of work as a result of that injury.

16. Plaintiff was also suffering from depression during this time.

17. On October 7, 2013, Office Manager Marlene Green called Plaintiff into her

office and told her that she could tell that she was depressed and that she needed to go home and get her foot well.

18. On October 8, 2013, Plaintiff emailed Human Resources (Liz Sherbert) asking for FMLA paperwork so that she could take time off to recover from her foot injury and her depression.

19. As of October 8, 2013, Plaintiff had worked for Hydra Service for over 12 months.

20. As of October 8, 2013, Plaintiff had worked at least 1,250 hours for Hydra Service in the preceding 12 months.

21. As of October 8, 2013, Plaintiff was a covered employee under the FMLA.

22. As of October 8, 2013, Plaintiff was eligible to take FMLA leave from her employment at Hydra Service for a qualifying reason.

23. As of October 8, 2013, Hydra Service was aware the FMLA and the requirements it places on employers.

24. Plaintiff overheard Office Manager Green discussing Plaintiff's entitlement to FMLA leave and acknowledgment that she was entitled to it.

25. Rather than receive the FMLA paperwork, Plaintiff was called into the office of the Human Resources person (Liz Sherbert) who, along with Office Manger Marlene Green present, terminated Plaintiff.

26. No reason was given for Plaintiff's termination on October 8, 2013.

27. Hydra Service terminated Plaintiff for requesting FMLA leave to recover from her fractured foot and to deal with her depression.

28. Hydra Service did not give the protection of the FMLA to the Plaintiff.

29. Hydra Service interfered with Plaintiff's right to take leave protected by the Family and Medical Leave Act.

30. Hydra Service interfered with Plaintiff's right to be reinstated to the same or

equivalent position under the Family and Medical Leave Act.

31. Hydra Service retaliated against Plaintiff by using leave that should have been protected under the Family and Medical Leave Act as a negative factor in her employment.

32. Hydra Service retaliated against Plaintiff in violation of the Family and Medical Leave Act by terminating her employment when she asked for FMLA leave to which she was entitled.

33. Upon information and belief, Hydra Service did not consult with legal counsel about the decision to terminate Plaintiff prior to terminating her employment.

34. Upon information and belief, prior to terminating Plaintiff, Hydra Service did not engage in any legal research as to whether its decision would violate the Family and Medical Leave Act.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court will issue a judgment against the Defendant awarding the following to the Plaintiff:

   a. Backpay damages to be calculated by taking the lost wages and benefits the Plaintiff would have received had her employment with the Defendant not been terminated and subtracting any interim earnings received by the Plaintiff;

   b. Liquidated damages equal to the Plaintiff's backpay;

   c. Injunctive relief including backpay, reinstatement and/or reasonable front pay;

   d. That relief which is just, equitable, and fair; and

   e. Reasonable attorney's fees and costs.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Larry R. Mann
Larry R. Mann
ASB-6625-M64L
Attorney for Plaintiff

**OF COUNSEL:**
LARRY R. MANN
215 North Richard Arrington, Jr. Blvd.
Suite 701
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 3248660
E-mail: larrymann@aol.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Hydra Service, Inc.
2104 Highway 160
Warrior, AL 35180